# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

**KIMBERLY JEAN BROWN,**     \*

    **Plaintiff**     \*

**v.**     \*     Civ. No. DLB-20-2632

**BOARD OF EDUCATION OF PRINCE**     \*
**GEORGE'S COUNTY, MARYLAND,** *et al.*,
    \*

    **Defendants.**

## MEMORANDUM OPINION

Kimberly Jean Brown alleges her former employer, the Board of Education of Prince George's County, Maryland ("the Board"), violated her employment agreement by transferring her from a school where her brother was principal to another school in the county. Brown sued the Board, her brother Gorman E. Brown, attorney Erick Tyrone, and the Tyrone Law Group for various claims including fraud, breach of contract, and defamation. ECF 22. The defendants filed motions to dismiss all but three counts of Brown's twelve-count amended complaint, ECF 23, 25, 29, which the Court granted, ECF 58. The Board is the only remaining defendant, and only three claims against it remain: breach of contract, promissory estoppel, and vicarious liability. The gravamen of these claims is that the Board promised Brown she could teach at the same school where her brother was principal, then breached that promise when it transferred her to another school just days into the school year.

Shortly after the Court granted the motions to dismiss and before discovery commenced, the Board moved for summary judgment on the remaining claims and submitted several supporting exhibits. ECF 62, 62-2 – 62-13. Brown filed an opposition, and the Board replied. ECF 66, 68, 70. A hearing is not necessary. Loc. R. 105.6. For the following reasons, the Court grants the

Board's motion for summary judgment as to the breach of contract and promissory estoppel claims and dismisses the vicarious liability claim.

**I.     Background**

The Court accepts the following undisputed facts as true and construes them in the light most favorable to Brown when ruling on the motion for summary judgment.[1]

Brown, a licensed, non-practicing attorney, applied for a STEM teaching position at Charles Flowers High School ("Flowers") in Prince George's County, Maryland in August 2013. ECF 22, ¶¶ 8, 17. Brown's brother, Gorman E. Brown, was principal of the school. *See* ECF 62-2. At the time, Brown lived in Chicago, Illinois. ECF 22, ¶ 20. Before the school year began, on August 4, Brown completed various new hire paperwork. *See* ECF 62-2 – 62-5. This paperwork included an employee disclosure statement and background check validation, on which Brown disclosed that Principal Brown was her relative. ECF 62-2. It also acknowledged that Brown understood that conditionally certified teachers must submit notices of resignation no later than June 1 of the current academic year. ECF 62-4.

On August 8, Brown signed a one-year employment agreement titled "Provisional Contract for Conditional or Resident Teacher Certificate Holders." ECF 62-7. The contract stated that Brown

> shall be and is hereby employed in the public schools of [Prince George's] County as a Teacher subject to assignment by the Local Superintendent or transfer to some other position within the County, provided that if the transfer be made during the

---

[1] In support of its motion for summary judgment, the Board submitted numerous exhibits including a provisional employment contract; personnel assignment and action forms; Brown's notice of resignation and related correspondence; and an affidavit from the Board's Chief Human Resources Officer verifying that the documents are true and correct copies. *See* ECF 62-2 – 62-13. Brown, in her opposition to the Board's motion for summary judgment, does not dispute the authenticity of these exhibits or the veracity of the factual assertions they contain. The Court will consider the contents of these exhibits as undisputed for purposes of the motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

2

> school year or after the opening of the school for the term herein designated, the salary shall not be reduced for the remainder of the year . . . . AND IT IS FURTHER AGREED that the certificated employee will not vacate the position to which assigned during any school year, except in case of emergency, of which the Local Board of Education shall judge.

*Id*. Brown and the Secretary of the Local Board of Education signed the agreement, which took effect on August 12 (the date of hire). *Id.* Also on August 12, Human Resources assigned Brown to teach at Flowers. ECF 62-8. Her listed supervisor was Principal Brown. *Id.*

On August 22, the Board reassigned Brown to teach at Parkdale High School, effective that day. ECF 62-9. Principal Brown would no longer be her supervisor. *Id.* The stated reason for the action was "Admin transfer." *Id*. Brown did not, however, report for work at Parkdale. *See* ECF 62-10; ECF 62-13, at 2. She was placed on leave without pay status. ECF 62-10; ECF 62-13, at 2. Brown tendered her notice of resignation on September 20. *See* ECF 62-11. The Board acknowledged her resignation and notified her that it was not in compliance with the terms of her employment contract. ECF 62-12.

## II. Standard of Review

Summary judgment is appropriate when the moving party establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To meet its burden, the party must identify "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" in support of its position. Fed. R. Civ. P. 56(c)(1)(A). Then, "[t]o avoid summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  The opposing party must identify more than a "scintilla of evidence" in support of its position to defeat the motion for summary judgment.  *Id.* at 251.  The Court "should not weigh the evidence."  *Perkins*, 936 F.3d at 205 (quoting *Anderson*, 477 U.S. at 249).  However, if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," then summary judgment is proper.  *Id.* (quoting *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  In ruling on a motion for summary judgment, this Court "view[s] the facts and inferences drawn from the facts in the light most favorable to . . . the nonmoving party."  *Perkins*, 936 F.3d at 205 (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996)).

**III.    Discussion**

    **A.  Breach of contract claim**

Brown alleges the Board breached an agreement that she would teach at the same school where her brother was principal.  The Board argues it is entitled to summary judgment on Brown's breach of contract claim because the only contract between her and the Board permitted the Board to transfer her to another school.  To establish a breach of contract claim under Maryland law, a plaintiff must prove that "the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation."  *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001).[2]  Contract interpretation, including determining whether a contract is ambiguous, is a question of law.  *Sy-Lene of Wash., Inc. v. Starwood Urban Retail II, LLC*, 829 A.2d 540, 544 (Md. 2003).  Maryland courts follow the objective theory of contract interpretation.  *Id*. at 546.  Under the

---

[2] For cases decided when the Supreme Court of Maryland and the Appellate Court of Maryland had different names, the Court will utilize the earlier citation format.

4

objective theory, "[i]f a contract is unambiguous, the court must give effect to its plain meaning and not contemplate what the parties may have subjectively intended by certain terms at the time of formulation." *Nova Research, Inc. v. Penske Truck Leasing Co.*, 952 A.2d 275, 283 (Md. 2008) (citing *Diamond Point Plaza Ltd. P'ship v. Wells Fargo Bank, N.A.*, 929 A.2d 932, 952 (Md. 2007)). "A contract is ambiguous if, when read by a reasonably prudent person, it is susceptible to more than one meaning." *Id*. The Court must look to the four corners of the contract and "ascribe to the contract's language its customary, ordinary and accepted meaning." *Rockledge Assocs. LLC v. Transamerica Life Ins. Co.*, No. PWG-16-710, 2017 WL 1239182, at *5 (D. Md. Feb. 3, 2017) (quoting *Dynacorp Ltd. v. Aramtel Ltd.*, 56 A.3d 631, 670 (Md. Ct. Spec. App. 2012)).

Brown signed a "Provisional Contract for Conditional or Resident Teacher Certificate Holders" ("Provisional Contract") on August 8, 2013. ECF 62-7. The Provisional Contract states that "[Brown] shall be and is hereby employed in the public schools of [Prince George's] County as a Teacher subject to assignment by the Local Superintendent or transfer to some other position within the County . . . ." *Id*. It allows the superintendent to make transfers "during the school year or after the opening of the school for the term herein designated" so long as Brown's salary is not reduced for the remainder of that year. *Id.* Under these unambiguous terms, the superintendent had the authority and discretion to transfer Brown to another school within the county so long as it did not reduce her pay. No reasonably prudent person could construe the contract otherwise. It is undisputed that Brown was transferred on August 22, after the 2013-14 school year began, and she does not contend that her salary was reduced. Under the plain language of the Provisional Contract, the superintendent retained full discretion to transfer her from Flowers to Parkdale.

In response, Brown does not dispute that she signed the Provisional Contract and that it is valid and binding. *See* ECF 68, at 7. Rather, she argues that the Board breached the Provisional Contract by transferring her "in bad faith and without due process." ECF 68, at 7. Brown did not assert this, or any, breach of contract theory as to the Provisional Contract in her amended complaint, which alleges only that "[the Board] breached [an earlier] agreement by transferring [her] from Flowers." ECF 22, ¶ 72. And she did not seek leave to amend her complaint to add these allegations. She cannot now assert this unpled claim. *See Sensormatic Sec. Corp. v. Sensormatic Electronics Corp.*, 455 F. Supp. 2d 399, 435–36 (D. Md. 2006) (noting a "plaintiff may not amend its complaint through arguments" in an opposition to a summary judgment motion).[3]

---

[3] Brown filed a complaint *pro se* in September 2020. ECF 1. Before filing motions to dismiss, the defendants filed notices of intent to file motions to dismiss that identified perceived deficiencies in the complaint. ECF 7, 14, 16. In particular, the Board argued that Brown failed to state a claim for breach of contract. ECF 16, at 1–2. Brown then amended her complaint but did not add allegations about breaching the Provisional Contract by transferring her in bad faith. ECF 22. Brown more recently obtained counsel, after the Board filed a motion for summary judgment but before filing her opposition. *See* ECF 66. She has not since sought leave to amend her complaint.

Even if she had, amendment likely would be futile because she did not exhaust her administrative remedies to challenge the transfer in general, let alone any due process violations in particular. The Board raised this argument in its motion for summary judgment; Brown did not respond to it. Maryland's Education Code grants the State Board "primary jurisdiction . . . in questions involving controversies and disputes that arise under [the Code's] provisions . . . ." *Arroyo v. Board of Educ. of Howard Cnty.*, 851 A.2d 576, 587 (Md. 2004). When an administrative agency like the State Board has primary jurisdiction, "a claimant must invoke and exhaust the administrative remedy, *and seek judicial review of an adverse administrative decision, before a court can properly adjudicate the merits of [an] alternative judicial remedy*." *Id.* at 586 (quoting *Zappone v. Liberty Life Ins. Co.*, 706 A.2d 1060, 1067–68 (Md. 1998) (emphasis in *Arroyo*)). Under *Arroyo*, it appears that the superintendent's decision to transfer "arise[s] under" Section 6-201(b)(2)(ii) of the Education Code. Section 4-205 allows such decisions to be appealed "to the county board if taken in writing within 30 days after the decision of the county superintendent," and then "to the State Board if taken in writing within 30 days after the decision of the county board." Md. Code Ann., Educ. § 4-205(c)(3). Brown did not appeal the transfer to the county board.

Pivoting away from the Provisional Contract, Brown claims, as she alleged in her amended complaint, that the Board breached a different, earlier agreement that she would teach at the same school where her brother was the principal. *See* ECF 68, at 7; ECF 22, ¶ 70. She claims this agreement with the Board is memorialized in a series of emails exchanged before she signed the Provisional Contract. ECF 68, at 1; ECF 22, ¶¶ 23, 70. Brown did not attach these emails to her opposition to the motion for summary judgment or cite to materials in the record or affidavits to support these assertions. *See* Fed. R. Civ. P. 56(a)(1). Although she claims she does not have access to the emails and will produce them if the case proceeds to discovery, she did not file a Rule 56(d) affidavit or mention Rule 56(d) in her opposition. Under Rule 56(d), if a nonmovant such as Brown "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see McClure v. Ports*, 914 F.3d 866, 874 (4th Cir. 2019) (quoting Fed. R. Civ. P. 56(d)). The Fourth Circuit "place[s] great weight on the Rule 56 [(d)] affidavit." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans*, 80 F.3d at 961). If a party does not file a Rule 56(d) affidavit, that "failure . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Id.* (quoting *Evans*, 80 F.3d at 961). However, the Court may overlook the failure to file a Rule 56(d) affidavit if "the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and . . . fact-intensive issues are involved," and "the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary." *Id.*

Brown has not had the opportunity to conduct discovery, and she claims she needs discovery to obtain the emails that she, through no fault of her own, no longer can access. *See* ECF 68, at 2; ECF 22, ¶ 68 (describing Brown's misplaced files and need for discovery). Even so, the breach of contract claim is not fact-intensive, and additional discovery would be fruitless. Even if there are emails memorializing promises by Board members that Brown would work at Flowers for her brother, they could not constitute a valid employment agreement under Maryland law.

A contract "made by a county board is not valid without the written approval of the county superintendent." Md. Code Ann., Educ. § 4-205(d). Teacher employment agreements must be "in writing and on contract forms prescribed by the State Board of Education." Md. Code Regs. § 13A.07.02.01(A); Md. Code Ann., Educ. § 2-205(c)(2) (noting that regulations adopted by the State Board "have the force of law when adopted and published"). For employees who hold conditional or resident teacher certificates, like Brown, the Provisional Contract form must be used. Md. Code Regs. § 13A.07.02.01(C); *see* ECF 62-7. "No others shall be recognized." Md. Code Regs. § 13A.07.02.01(C). Moreover, "[i]t is well settled that a county or municipality can make a contract **only** in the manner prescribed by the legislature . . . . This rule is strict; if [legislative] provisions are not precisely followed during the contracting process, the contract is *ultra vires*, or outside the power of the municipal corporation to make, and void *ab initio*." *Baltimore Cnty., Md. v. Aecom Servs., Inc.*, 28 A.3d 11, 31 (Md. Ct. Spec. App. 2011) (quoting *State Comm'n on Hum. Rels. v. Balt. City Dep't of Rec. & Parks*, 887 A.2d 64, 69 (Md. Ct. Spec. App. 2005) (internal quotations and citations omitted) (emphasis in original)). In *Aecom*, for instance, the Court of Special Appeals held that a county was not obligated to pay an architect for additional services when the county charter and code required that contract amendments be

8

approved by the county council and the architect's agreement was not made in this "formal manner prescribed by law." *Id.* at 34.

Here, any emails with Board members reflecting a promise that Brown would work for her brother at Flowers could not bind the Board because Board members had no statutory authority to make such a promise. *Gontrum v. Mayor & City Council of Baltimore*, 35 A.2d 128, 130 (Md. 1943) (recognizing that a municipal corporation "is not bound by a contract made [in] its name by one of its officers or by a person in its employ . . . if the officer or employee had no authority to enter into such a contract on behalf of the corporation"). Maryland law grants the superintendent the exclusive powers to hire, assign, and transfer teachers that he or she has nominated to be appointed by the Board or to approve all decisions to hire, assign, and transfer them. Md. Code Ann., Educ. §§ 6-201(b)(1)(ii) ("[T]he county superintendent shall nominate for appointment by the county board . . . [a]ll . . . teachers . . . ."), 6-201(b)(2)(i)–(ii) ("As to these personnel, the county superintendent shall: (i) Assign them to their positions in the schools; [and] (2) Transfer them as the needs of the schools require . . . ."). Board members did not have the authority to promise Brown that she would work at a certain school, and any promise made along those lines by a Board member was *ultra vires* and unenforceable. *Hanna v. Bd. of Educ. of Wicomico Cnty.*, 87 A.2d 846, 850 (Md. 1952) (declaring null and void a school building contract awarded by county board of education because it was outside scope of statutory authority and thus *ultra vires*); *Alternatives Unlimited, Inc. v. New Balt. City Bd. of School Comm'rs*, 843 A.2d 252, 263 (Md. Ct. Spec. App. 2004) (discussing with approval lower court's dismissal of breach of contract claim against city school board where "the School Board never properly approved or ratified Plaintiff's contract pursuant to its own rules" despite the unauthorized assurances given to the plaintiff by the board's agents). Further, an employment agreement memorialized in emails would be *ultra vires*

for the additional reason that it was not executed on form contracts or approved in writing by the superintendent.

There is no genuine dispute that the signed Provisional Contract is the only governing employment contract between Brown and the Board. Based on the plain language of that agreement, the Board was authorized to transfer Brown from Flowers to Parkdale, and her breach of contract claim fails as a matter of law. The Board is entitled to summary judgment on this claim.

### B. Promissory estoppel claim

In the alternative, Brown asserts a promissory estoppel claim. To establish promissory estoppel under Maryland law, a plaintiff must prove: (1) a clear and definite promise; (2) where the promisor has a reasonable expectation that the offer will induce action on the part of the promisee; (3) which does induce actual and reasonable action of the promisee; and (4) causes a detriment which can only be avoided by the enforcement of the promise. *Nat'l Ctrs. for Facial Paralysis, Inc. v. Wal-Mart Claims Admin. Grp. Health Plan*, 247 F. Supp. 2d 755, 760 (D. Md. 2003) (citing *Pavel Enters., Inc. v. A.S. Johnson, Inc.*, 674 A.2d 521, 532 (Md. 1996)). Brown alleges that the Board promised, in emails, to employ her only at Flowers; that she reasonably relied on that promise when she moved from Illinois to Maryland; and that she suffered financial, emotional, and physical harm when the Board broke that promise by transferring her to another school. Even if the emails say what Brown alleges, her promissory estoppel claim fails as a matter of law for the same reason as her breach of contract claim: because Board members never had authority to make such a promise, it cannot be enforced against the Board. *See State Comm'n on Hum. Rels.*, 887 A.2d at 70 n.4 (noting that "municipalities . . . cannot be estopped to deny the validity of *ultra vires* contracts"); *Gontrum*, 35 A.2d at 131 (stating "no estoppel . . . can grow out

of dealings with public officers of limited authority where such authority has been exceeded, or where the acts of its officers and agents were unauthorized"); *Alternatives Unlimited*, 843 A.2d at 280–81 (reasoning that estoppel claims against school board are not exempted from *Gontrum*'s holding that a governmental entity cannot be held financially liable as a result of unauthorized commitments by its agents or employees). And, because the promise was *ultra vires*, it is immaterial whether Brown reasonably acted upon her belief that it was binding because she is charged with knowing the limitations of the Board members' powers to contract. *See Hanna*, 87 A.2d at 850 (recognizing "firmly established" rule that "one who makes a contract with a municipal corporation or administrative agency is bound to take notice of the limitation of its powers to contract" (citing *Gontrum*, 35 A.2d at 130)).

The Board is entitled to summary judgment on Brown's promissory estoppel claim.

### C. Vicarious liability claim

Vicarious liability holds an employer liable for the tortious acts of an employee when the employee is acting within the scope of the employment relationship. *Schramm v. Foster*, 341 F. Supp. 2d 536, 543 (D. Md. 2004) (citing *Hunt v. Mercy Med. Ctr.*, 710 A.2d 362, 376 (Md. Ct. Spec. App. 1998)). No tortious claims remain against any agent of the Board. The vicarious liability claim against the Board, therefore, is dismissed.

## IV. Conclusion

For the foregoing reasons, the defendant Board of Education of Prince George's County, Maryland is entitled to summary judgment on the breach of contract and promissory estoppel claims. The vicarious liability claim is dismissed. A separate order follows.

3/7/2023
Date

Deborah L. Boardman
United States District Judge